*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* O. L. EDIE, Minor.

UNPUBLISHED
April 14, 2025
2:56 PM

No.  367329; 370453
Oakland Circuit Court
Family Division
LC No.  2021-882759-NA

Before:  YATES, P.J., and O'BRIEN and FEENEY, JJ.

PER CURIAM.

In these two consolidated appeals,[1] the lawyer-guardian ad litem (LGAL) contests the trial court's rulings allowing petitioner, the Department of Health and Human Services (the DHHS), to withdraw a petition for termination of respondent-father's parental rights to his minor child, OLE, and denying termination of respondent-mother's parental rights to OLE.  We affirm.

## I.  FACTUAL BACKGROUND

On December 22, 2020, respondent-mother gave birth to her fourth child, OLE.  When he was born, OLE and respondent-mother both tested positive for tetrahydrocannabinol (THC).  Then, in January 2021, the DHHS filed a petition for termination of respondent-mother's parental rights. Respondent-mother's parental rights to two of her minor children had previously been terminated, and another one of her children was in the sole legal and physical custody of the child's father.  In addition, respondent-mother had an extensive history of substance abuse and admitted to a history of daily use of heroin and cocaine.

Respondent-father did not become the legal father of OLE until on or about April 7, 2023, through an affidavit of parentage.  In June 2023, the DHHS filed a petition to terminate respondent-father's parental rights, identifying concerns about unstable housing, prior terminations of parental

---

[1] This Court consolidated the two appeals on its own initiative.  *In re O L Edie*, unpublished order of the Court of Appeals, entered April 24, 2024 (Docket Nos. 367329 and 370453).

rights to two children, and an extensive criminal history. The DHHS noted that respondent-father was incarcerated in the Michigan Department of Corrections when OLE was born.

The trial court found statutory grounds to terminate respondent-mother's parental rights on two separate occasions, but the trial court did not find that termination was in OLE's best interests because of OLE's close bond with respondent-mother, respondent-mother's improved compliance with the parent agency agreement, and OLE's placement with a relative, i.e., his father. Petitioner withdrew its petition for termination of respondent-father's parental rights to OLE after concluding that respondent-father had rectified the conditions that led to the prior terminations of his parental rights. Over the LGAL's objection, the trial court accepted petitioner's withdrawal of the petition for termination of respondent-father's parental rights. The LGAL appealed that ruling. The LGAL also appealed the trial court's decision that termination of respondent-mother's parental rights was not in OLE's best interests.

## II. LEGAL ANALYSIS

On appeal, the LGAL asserts that the trial court erred by permitting petitioner to withdraw the petition for termination of respondent-father's rights, noting that petitioner filed a mandatory petition. Additionally, the LGAL insists that allowing withdrawal of the petition violated OLE's right to due process. Turning to respondent-mother, the LGAL contends that the trial court erred by finding that termination of her parental rights was not in OLE's best interests. We shall begin by addressing the LGAL's appeal concerning respondent-mother, and then we shall consider the LGAL's claims involving respondent-father.

## A. RESPONDENT-MOTHER

Although the LGAL contests the trial court's finding that termination of the parental rights of respondent-mother was not in OLE's best interests, we decline to address the issue because the LGAL cannot appeal the trial court's order of right. Pursuant to MCR 7.203(A)(2), this Court "has jurisdiction of an appeal of right filed by an aggrieved party from . . . [a] judgment or order of a court or tribunal from which appeal of right to the Court of Appeals has been established by law or court rule." The LGAL filed a claim of appeal of the trial court's order under MCR 3.993(A)(7), but that provision applies only to cases "involving an Indian child," which OLE is not. Thus, this Court rejects as misplaced the LGAL's reliance on MCR 3.993(A)(7) to pursue an appeal of right.

Leaving aside that mistake, this Court notes that MCR 3.993(A) includes subsections that identify several types of orders that can be appealed of right, but that list does not include orders that deny termination of parental rights because termination is not in the best interests of the child. Here, the trial court denied termination of respondent-mother's parental rights as inconsistent with OLE's best interests. The trial court's order was not final because it continued temporary custody and set up a hearing. It did not order removal of OLE from respondent-mother's care or custody. See MCR 3.993(A)(1). It was not an initial order of disposition following adjudication, see MCR 3.993(A)(2), an order terminating parental rights, see MCR 3.993(A)(5), or "any final order." See MCR 3.993(A)(8). Hence, the LGAL cannot appeal that order of right. *In re AJR*, 342 Mich App 1, 7; 993 NW2d 1 (2022).

If this Court lacks jurisdiction to consider an appeal of right, it may exercise its discretion to treat the claim of appeal as an application for leave, grant it, and address the issues on the merits. See *Wardell v Hincka*, 297 Mich App 127, 133 n 1; 822 NW2d 278 (2012) (describing this Court's discretion to treat a claim of appeal as an application for leave to appeal, grant leave, and address the merits of an issue). But because of the ongoing nature of this case, we decline to grant leave to reach the merits of the LGAL's challenge to the trial court's finding that termination was not in the child's best interests. The trial court ordered respondent-mother to continue participating in the parent agency agreement and directed that supervised visitation continue. In addition, the child was in the care of respondent-father, so the trial court's decision to deny termination of respondent-mother's parental rights did not affect the child's placement. Therefore, we shall not even address, much less disturb, the trial court's order concerning the parental rights of respondent-mother.

## B. RESPONDENT-FATHER

The LGAL's challenges to the trial court's ruling regarding respondent-father focus solely on the trial court's decision to permit the DHHS to withdraw the petition to terminate respondent-father's parental rights. In that June 2023 petition, the DHHS alleged that it was contrary to OLE's welfare to "remain" with respondent-father because he did not have suitable or stable housing, his parental rights to other children had been terminated, he had an extensive criminal history, and he was currently on parole. Petitioner asserted that it was required to make reasonable efforts because OLE "was never placed in the home" of respondent-father, but petitioner explained it had not made reasonable efforts because respondent-father had only recently become the legal father of OLE on April 7, 2023, "by way of [an] affidavit of parentage."

A month after filing the petition, petitioner notified the trial court that it wished to withdraw the petition. But the LGAL objected, contending that petitioner should not be allowed to withdraw a mandatory petition. The LGAL argued that the court rules and statutes governing child protective proceedings were not just procedural, they were essential to the administration of justice and must be followed. The LGAL insisted that MCL 722.638 was not optional because it required petitioner to submit a petition if there was a prior termination. In contrast, petitioner did not believe that any law required pursuit of adjudication on the petition it filed because it subsequently discovered that it could not substantiate the allegations in the petition. Petitioner asked the trial court to grant its request to withdraw the petition. Respondent-father concurred with petitioner's argument and also asserted that he had rectified the conditions that led to the prior termination. The trial court granted petitioner's request to withdraw the petition because it did not believe that MCL 722.638 required petitioner to pursue a petition through adjudication when it did not believe that it could substantiate the allegations contained in the petition.

We review a trial court's interpretation and application of statutes and court rules de novo. *In re Sanders*, 495 Mich 394, 404; 852 NW2d 524 (2014). When we construe a statute, our primary task "is to discern and give effect to the intent of the Legislature." *In re AGD*, 327 Mich App 332, 343; 933 NW2d 751 (2019) (quotation marks and citation omitted). To perform that task, we must examine the language of the statute, which provides "the most reliable evidence of its intent." *Id.* (quotation marks and citation omitted).

The statute at issue here, MCL 722.638(1)(b)(*i*), requires petitioner to file a petition for the trial court to authorize if the DHHS "determines that there is a risk of harm, child abuse, or child neglect to the child[,]" that the parent's "rights to another child" have been terminated under MCL 712A.2(b), and that "the parent has failed to rectify the conditions that led to the prior termination of parental rights." The language of MCL 722.638(1)(b)(*i*) unambiguously obligates petitioner to file a petition if it determines that the three conditions exist. The LGAL's argument focuses only on the language concerning the prior termination of respondent-father's parental rights and ignores the directive for petitioner to determine whether "there is a risk of harm" to the child and whether the parent has rectified the conditions that led to the prior termination. Additionally, the language states that petitioner, rather than the trial court, must determine the existence of the three separate conditions. No language in the statute supports the LGAL's assertion that petitioner was required to pursue the petition to adjudication after it determined that not every condition existed. Hence, petitioner was not required by MCL 722.638(1)(b)(*i*) to follow through on the petition to terminate respondent-father's parental rights when it could not determine that the three specified conditions listed in the statute existed. Thus, the trial court did not err by allowing petitioner to withdraw the petition.

The LGAL also asserts that OLE's health and safety were protected by 42 USC 671(a)(15), but the trial court ignored the statutory considerations when it permitted petitioner to withdraw the petition. Under 42 USC 671(a)(15), "to obtain federal reimbursement, a State [must] have a plan which 'provides that, in each case, reasonable efforts will be made . . . to prevent or eliminate the need for removal of the child from his home, and . . . to make it possible for the child to return to his home . . . .' " *Suter v Artist M*, 503 US 347, 358; 112 S Ct 1360; 118 L Ed 2d 1 (1992). That statute places "a requirement on the States, but that requirement only goes so far as to ensure that the State have a plan approved by the Secretary which contains the 16 listed features." *Id*. Thus, the statute imposes a generalized duty on states, but not a duty enforceable by private individuals. *Id*. at 363. Therefore, the LGAL's reliance on 42 USC 671(a)(15) does not support her argument because it does not provide OLE with enforceable federal rights.

The LGAL asserts that the trial court erred by allowing petitioner to withdraw the petition for termination of respondent-father's parental rights because it deprived OLE of procedural due process. We review questions of procedural due process de novo as matters of constitutional law. *In re Sanders*, 495 Mich at 393-394. But because this argument is unpreserved, this Court reviews it simply for plain error affecting substantial rights. *In re Pederson*, 331 Mich App 445, 462-463; 951 NW2d 704 (2020). Therefore, the LGAL must establish that "(1) error occurred; (2) the error was 'plain,' i.e., clear or obvious; and (3) the plain error affected [the child's] substantial rights." *In re Ferranti*, 504 Mich 1, 29; 934 NW2d 610 (2019).

"Procedural due process limits actions by the government and requires . . . safeguards in proceedings that affect those rights protected by due process, such as life, liberty, or property." *In re VanDalen*, 293 Mich App 120, 132; 809 NW2d 412 (2011) (quotation marks and citations omitted). A procedural due process analysis requires a trial court "to consider (1) whether a liberty or property interest exists which the state has interfered with, and (2) whether the procedures attendant upon the deprivation were constitutionally sufficient." *Id*. (quotation marks and citation omitted). This Court has explained that children have an interest in "being free from an abusive environment." *Id*. at 133 (quotations marks and citation omitted). Parents also have a due-process interest in caring for their children. *Id*. at 132.

-4-

In *In re Gach*, 315 Mich App 83, 97; 889 NW2d 707 (2016), this Court considered whether "MCL 712A.19b(3)(*l*) violate[d] the Due Process Clauses of the federal and state Constitutions, US Const, AM XIV, § 1; Const 1963, art 1, § 17." The former version of MCL 712A.19b(3)(*l*) at issue in *In re Gach* authorized termination of parental rights when the respondent-parent's rights to another child had been terminated under MCL 712A.2(b) or a similar statute. *Id*. The statute did not afford the respondent-parent any opportunity to prove that he had rectified the conditions that led to the prior termination or that he did not present a risk of harm to the child. *Id*. at 98. If a respondent-parent had a prior termination of parental rights, the only way the parent could retain parental rights was if the trial court did not find by a preponderance of the evidence that termination was in the child's best interests. *Id*. This Court determined that because MCL 712A.19b(3)(*l*) did not provide any method to rebut the presumption of unfitness arising from the prior termination, the statute failed "to comport with due process in light of the fundamental liberty interest at stake." *Id*. at 101. Here, in contrast, the LGAL cites the right to procedural due process for the proposition that petitioner is obligated to seek termination of parental rights, which is a far cry from the claim of constitutionally impermissible termination of parental rights that carried the day in *In re Gach*, 315 Mich App 83.

Finally, the LGAL's statement of questions presented refers to issues regarding jurisdiction and anticipatory neglect, but those issues were neither raised in the trial court nor addressed in the arguments in the appellate brief. Consequently, we deem those issues abandoned. *English v Blue Cross Blue Shield of Mich*, 263 Mich App 449, 458; 688 NW2d 523 (2004). "An appellant may not merely announce a position and leave it to this Court to discover and rationalize the basis for its claims." *Mettler Walloon, LLC v Melrose Twp*, 281 Mich App 184, 220; 761 NW2d 293 (2008). Because this Court need not search for legal authority to support or undermine a position raised by a party without citation to authority, *id*., we will not devote any additional analysis to the issues in the LGAL's statement of questions presented.

Affirmed.

/s/ Christopher P. Yates
/s/ Colleen A. O'Brien